UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE NADEAU, et al., | No. 2:17-cv-00561-MCE-AC |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| WEALTH COUNSEL, LLC, et al., | |
| Defendants. | |

Plaintiffs Laurie Nadeau, Robyn Coffin, and Dagny Magelssen (collectively "Plaintiffs") initiated this action against Defendants Wealth Counsel, LLC and Insperity, Inc. (collectively "Defendants") in this Court in March 2017. Plaintiffs worked for Defendants out of their respective homes in Amador County, California; Bend, Oregon; and Edmonds, Washington, as is purportedly standard in the industry and had been Defendants' standard practice.[1] According to Plaintiffs' Complaint, however, after a new chief executive officer—who was also a prominent member of the Mormon church—took over at Wealth Counsel, the company began to implement policies designed to eliminate

---

[1] Jurisdiction in this case is predicated on 28 U.S.C. § 1332 because all parties are citizens of different states. As indicated, Plaintiffs are domiciled in California, Nevada, and Washington. Wealth Counsel is a Nevada corporation with its principal place of business in Draper, Utah. Insperity is a Texas Corporation, with its headquarters in Kingwood, Texas, and approximately 60 additional offices located throughout the United States. There is no dispute that the amount in controversy exceeds $75,000.

women and non-Mormon employees in favor of men and Mormon individuals. Specifically as to this case, Plaintiffs contend that Defendants suddenly mandated that they relocate to Draper, Utah, or be terminated. Given the infeasibility of effectuating a move, especially in the short period permitted by Defendants, Plaintiffs were terminated. They then filed this action setting forth claims for wrongful termination on the basis of religion and gender, and for retaliation under California, Oregon, and Washington law. Presently before the Court is Defendants' Motion to Transfer Venue to the District of Utah pursuant to 28 U.S.C. § 1404(a).

## ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). On a motion to transfer venue, the moving party must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Hope v. Otis Elevator Co., 389 F.Supp.2d 1235, 1243 (E.D.Cal.2005) (quoting Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986)). The Court has discretion in deciding whether such transfer is warranted based on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

Once the court determines a case could have been brought before the proposed transferee court, it must consider a number of private and public factors relating to the interests of the parties and the judiciary. For example, the court may consider: (1) the plaintiff's choice of forum, (2) respective parties' contacts with the forum, (3) contacts

relating to the plaintiff's cause of action in the forum, (4) the cost of litigation in either forum, (5) the ease of access to sources of proof, (6) the complexity of the governing law, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) other factors that, in the interest of justice, impact the convenience or fairness of a particular venue. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–499 (9th Cir.2000).

It is undisputed that this action could have been brought in Utah, and the parties thus focus on the discretionary factors going to convenience and fairness. According to Defendants, transfer is warranted because: (1) Plaintiffs' choice of forum is entitled to minimal weight as the operative facts underlying the Complaint took place in Utah; (2) convenience to the parties and witnesses and ease of access to evidence favor litigating the case in Utah; and (3) the remaining factors are neutral. Having considered the record in its entirety and the applicable law, the Court disagrees.

While a plaintiff's choice of forum should ordinarily be given "substantial weight," N. Acceptance Trust 1065 v. Gray, 423 F.2d 653, 654 (9th Cir.1970), "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir.1968); see also Genimi Capital Group v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir.1998) (the weight given to plaintiff's choice of forum is diminished when the plaintiff resides outside the chosen forum). Defendants thus contend that minimal deference is deserved here because Defendants are not domiciled in California and all of its hiring and firing decisions occurred in Utah. The obvious problem with this argument, of course, is that the first named Plaintiff performed all of her functions for Defendants in this district, still lives here, has invoked the laws of the state in which this Court sits, and continues to suffer the effects of Defendants' alleged discriminatory practices here as well. Indeed, if the Court were to accept Defendants' argument, then all an out of state defendant would have to argue to undermine the deference afforded

3

plaintiff's choice of forum is that the defendant resided out of state such that all of its conduct occurred elsewhere. Such an argument is unsupported by the law and defies common sense. The Court thus affords substantial deference to Plaintiffs' choice to litigate here.

Nor is the Court persuaded that the convenience of the parties or witnesses or the location of evidence in Utah warrant transfer. Plaintiffs have demonstrated that Sacramento is more convenient for them as individual litigants (of more limited means than their corporate adversaries). The witnesses to Plaintiffs' emotional distress also contend that litigation in Sacramento is more convenient. And while Defendants argue that because they have no offices in California, the majority of witnesses and evidence will be located in Utah, Defendants fail to identify any witnesses that will actually be inconvenienced by litigating the case here as opposed to in Utah. Moreover, counsel has apparently stipulated to deposing witnesses in Utah as appropriate, which further cuts against a finding of inconvenience sufficient to justify moving this action. Furthermore, the presence of documentary evidence in Utah is also not persuasive, especially when the Court anticipates much of the parties' discovery will be produced electronically. In sum, nothing before the Court persuades it that any of the foregoing is sufficient to convince the Court to forcibly override Plaintiffs' choice of forum. Accordingly, even assuming Defendants are correct as to the neutrality of the remaining factors (which the Court need not address), their Motion is DENIED.

Despite having already resolved Defendants Motion on the merits, the Court nonetheless pauses to note that even on a closer record it would have no difficulty rejecting Defendants' request for the simple fact that it essentially asks the Court to establish precedent stacking the deck against individual civil rights Plaintiffs who seek to vindicate wrongs purportedly suffered at the hands of employers who are not only much larger, but have much deeper pockets. Granting a motion such as this one could serve as a deterrent to future litigants who would think twice about challenging an out-of-state defendant if it meant being forced into a foreign forum. Regardless of the letter of the

law, which of course permits the Court the discretion to transfer actions such as this one given the right facts, accepting Defendants' arguments on this record would run contrary to the spirit of the laws intended to ensure civil rights litigants are not punished for attempting to pursue relief via our legal system.

**CONCLUSION**

For the reasons just stated, Defendants' Motion to Transfer Venue (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated: January 3, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE